## In re CASS & DALEY SHOE CO.

(District Court, D. Massachusetts. March 5, 1926.)

No. 34526.

1. **Bankruptcy** ⬅123.

Creditors' assignment of claims to creditors' committee *held* not to disfranchise them or representative of committee from voting for trustee.

2. **Bankruptcy** ⬅123—**That bankrupt placed itself almost entirely in hands of creditors' committee held not to show collusion defeating creditors' right to vote for trustee.**

That bankrupt company put itself almost entirely in hands of committee of principal creditors *held* not to show collusion, defeating creditors' rights to vote for trustee.

In Bankruptcy. In the matter of the bankruptcy of the Cass & Daley Shoe Company. On review of referee's order appointing trustees. Order vacated, and sole trustee appointed.

Alexander G. Gould, of Boston, Mass., for trustee.

Robert A. B. Cook, of Boston, Mass., for Hill and others.

MORTON, District Judge. [1] If the appointment of the trustee had lain with the referee in the first instance, I do not think that any reasonable objection could be made to what he did. The persons whom he named are admittedly entirely suitable and represented all interests. The difficulty is that the act puts the selection into the hands of the creditors, and in this case an overwhelming majority in number and amount of them were in favor of Mr. Hill as sole trustee. The learned referee held, as I understand his decision, that under In re Lamkin Bros. (D. C. Mass., January 25, 1915), the claims which had been assigned to the creditors' committee could not be voted by counsel for the committee. As none of the committee were in court, this in effect disfranchised these claims. The result was that there was no choice by creditors, and the referee appointed the present trustees.

Several of the largest creditors, who were acting in accord with the committee, were represented at the meeting by their personal counsel; their claims were voted by such counsel, and were enough to control the election. This aspect of the situation is not referred to in the referee's certificate, and seems not to have been called to his attention. The facts are stated in an affidavit by Mr. Cook, which is not contradicted. Instead of recommitting the certificate to incorporate them, I will deal with it as if the facts stated in the affidavit were stated in it.

The learned referee's rulings went much beyond the Lamkin Case. There the referee refused to permit a claim to be voted by an attorney, who did not represent the creditors, but was acting for the attorneys for the creditors. It was held that, in view of General Order IV, the referee did not abuse his discretion or exceed his power in refusing to receive the vote. It was not intended by that decision to outlaw creditors' committees in bankruptcy proceedings. If openly and honestly organized and conducted, they may be of great assistance, as Judge Anderson recently observed in the New England Oil Company Case, 8 F.(2d) 392, on the equity side of this court. There is practical force undoubtedly in the learned referee's suggestion that creditors' committees may be abused; but this is not peculiar to bankruptcy, and is not a sufficient reason for disapproving them in all cases. If the assigning creditors be regarded as out of the case by reason of their assignments to the committee, the latter would be substituted as creditors, and under the General Order referred to had the right to be represented by counsel. If the assignments be not regarded as substituting the committee for the assigning creditors, the latter had the right to appear by counsel, and their vote should have been counted. Either way, Mr. Hill was chosen as sole trustee. There is no question of his fitness; indeed, the learned referee appointed him one of the trustees.

[2] An additional reason why the learned referee refused to receive the votes cast by the creditors' committee, and perhaps also the votes cast by creditors acting with the committee, was that he regarded the committee's conduct as improper, and amounting to collusion between the committee and the bankrupt for the control of the estate. Upon a very careful consideration of the testimony, I do not think that such a finding was justified. When the Cass & Daley Company got into difficulties, nearly all its principal creditors got together and formed a committee. The bankrupt, not improperly, I think, put

itself pretty completely into the hands of this committee. It did so for no purpose of gain to itself or improper advantage to them, but in order to facilitate the settlement or liquidation of its affairs. This was not "collusion," in the sinister bankruptcy use of the word.

The findings of the learned referee must be modified accordingly. The first paragraph on the last page of the certificate, beginning, "I find that there was collusion," etc., is not warranted by the law and the evidence. Nor is the last sentence on page 3. Even after the affairs of the Cass & Daley Company had reached this court, its stockholders were still insisting that it was solvent.

The order appointing three trustees must be vacated, and an order entered appointing Hill sole trustee.